**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4485**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JOHNNY ARTHUR BYRD,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Charleston.   Richard M. Gergel, District
Judge.  (2:12-cr-00797-RMG-1)

───────────

Submitted:  January 9, 2014        Decided:  January 17, 2014

───────────

Before AGEE and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Beattie B. Ashmore, BEATTIE B. ASHMORE, P.A., Greenville, South
Carolina, for Appellant.  Nathan S. Williams, Assistant United
States Attorney, Charleston, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Arthur Byrd pled guilty pursuant to a plea agreement to one count of possession with intent to distribute marijuana and aiding and abetting, in violation of 18 U.S.C. §§ 2, 841(a)(1), (b)(1)(D) (2012), and one count of using and carrying a firearm during and in relation to and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 2, 924(c)(1) (2012). The district court calculated Byrd's Guidelines range on the marijuana count at twenty-seven to thirty-three months' imprisonment and Guidelines sentence on the firearm count at a consecutive term of sixty months' imprisonment, U.S. Sentencing Guidelines Manual (2012), and sentenced Byrd to thirty-three months' imprisonment on the marijuana count and a consecutive term of sixty months' imprisonment on the firearm count.

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as issues for review whether the district court reversibly erred in accepting Byrd's guilty plea and abused its discretion in imposing sentence. Byrd was informed of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a brief and does not seek to enforce the appeal waiver in Byrd's plea agreement. We affirm.

2

Because Byrd did not move in the district court to withdraw his guilty plea, the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error only. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To demonstrate plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Rule 11 omissions. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

Our review of the transcript of the guilty plea hearing leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Byrd's guilty plea and that the court's omissions did not affect Byrd's substantial rights. Critically, the transcript reveals that the district court ensured that the plea was supported by an independent basis in fact, and that Byrd entered the plea knowingly and voluntarily with an understanding of the consequences. United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Accordingly, we discern no plain error in the district court's acceptance of Byrd's guilty plea.

Turning to Byrd's sentence, we review it for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Id. at 49–51.

If the sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. If the sentence is within the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In this case, the district court correctly calculated and considered the advisory Guidelines range and sentence and heard argument from counsel and allocution from Byrd. The court explained that the sentence of ninety-three months' imprisonment was warranted in light of the nature and circumstances of Byrd's offense conduct, his history and characteristics, and the need for the sentence to reflect the seriousness of Byrd's offense conduct, to promote respect for the law, to provide just punishment, and to protect the public from further crimes by Byrd. Byrd does not offer any grounds to rebut the presumption on appeal that his within-Guidelines sentence is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Byrd.

Finally, in accordance with <u>Anders</u>, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Byrd, in writing, of the right to petition the Supreme Court of the United States for further review. If Byrd requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Byrd.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>